**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-20202
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN PALMER

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-205-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Palmer appeals from the district court's order granting the Government's motion pursuant to *Sell v. United States*, 539 U.S. 166 (2003), to involuntarily medicate him to render him competent to stand trial on two counts of assault against a federal agent and two counts of threatening a federal official. Through counsel, Palmer argues that the district court erred in finding that involuntary medication is substantially likely to render him competent for trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palmer has also filed pro se motions to dismiss the charges against him and to waive counsel and proceed pro se.

We have jurisdiction to review the district court's order for involuntary medication. *See Sell*, 539 U.S. at 176-77; *United States v. White*, 431 F.3d 431, 432-33 (5th Cir. 2005). We review for clear error the finding that involuntary medication is substantially likely to render a defendant competent for trial. *See United States v. Palmer*, 507 F.3d 300, 303 (5th Cir. 2007). The psychiatrist treating Palmer at the Federal Medical Center in Butner, North Carolina, opined that, based on two studies and the psychiatrist's personal experience, there was an 80% chance that involuntary medication would render Palmer competent for trial. The district court's finding was plausible in light of the record as a whole and, thus, is not clearly erroneous. Accordingly, the district court's order is AFFIRMED.

Palmer's pro se motion to waive counsel and proceed pro se is DENIED with respect to this appeal, *see Godinez v. Moran*, 509 U.S. 389, 396-401 (1993), and we do not address any request by Palmer to proceed pro se before the district court. Palmer's pro se motion to dismiss charges is DENIED because he is represented by counsel and has no right to hybrid representation on appeal. *See United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999).